UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER THIEME,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN STEVIE KNIGHT,<br><br>　　　　　　　Respondent. | Civil Action<br>No. 22-3439 (CPO)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will dismiss the Petition for lack of jurisdiction.

## I.　　BACKGROUND[1]

In June of 2016, Petitioner "pleaded guilty to a two-count information, which charged him with attempted kidnapping and murder-for-hire." *United States v. Thieme*, No. 16-294, 2021 WL 1660859, at *2 (D.N.J. Apr. 28, 2021). Given Petitioner's "concerning record of prior violent crimes against women, this Court sentenced [him] to" 210 months in prison. *Id.*; *see also* (*United States v. Thieme*, No. 16-294, ECF No. 17, (D.N.J. 2016) (sentencing Petitioner to 210 months on Count One and 120 months on Count Two, to run concurrently)). Petitioner did not file a direct appeal. (ECF No. 1-3, at 6.)

---

[1] The Court will construe the factual allegations in the Petition as true for the purpose of this screening only. The Court has made no findings as to the veracity of Petitioner's allegations.

Several years later, in June of 2019, Petitioner filed a motion seeking relief under 28 U.S.C. § 2255 or the writ of *audita querela*. *Thieme*, 2021 WL 1660859, at *1. "This Court entered an order finding that Petitioner's criminal motion could only proceed as a motion to vacate sentence under 28 U.S.C. § 2255." *Id*. Thereafter, Petitioner elected to recharacterize his motion and proceed under § 2255. *Id*.

Ultimately, this Court dismissed Petitioner's § 2255 motion as time-barred, as Petitioner "delayed two and a half years before seeking to raise his challenges," and "failed to present any persuasive argument as to why he could not have raised his claims sooner." *Id*. at *4. Additionally, this Court did not issue a certificate of appealability. *Id*. at *5. Petitioner filed a request for a certificate of appealability before the Third Circuit, and that Court denied his request. *Thieme v. United States*, No. 20-1839, 2020 WL 6707326, at *1 (3d Cir. July 29, 2020). Thereafter, Petitioner filed a petition for writ of certiorari, and the Supreme Court denied the petition. *Thieme v. United States*, 141 S. Ct. 863 (2020).

In June of 2022, Petitioner filed the instant Petition under 28 U.S.C. § 2241, challenging the validity of his conviction and sentence. (ECF No. 1, at 6.) Like his § 2255 proceedings, Petitioner raises various due process, double jeopardy, and void for vagueness claims. (*Id*.)

## II. STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the

petitioner] to relief"). More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### III.   DISCUSSION

In this case, Petitioner challenges his federal conviction and sentence under 28 U.S.C. § 2241. Generally, however, a person must challenge the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because § 2255 prohibits a district court from entertaining a challenge to a federal conviction or sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). More specifically, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to utilize § 2241, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair

3

opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who had previously filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The Third Circuit emphasized that it was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Consequently, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

With those principles in mind, Petitioner fails to allege facts sufficient to bring his three claims within the *Dorsainvil* exception. First, under Grounds One and Two, Petitioner contends that this Court improperly enhanced his sentence in violation of the Due Process and Double Jeopardy Clauses of the Fifth Amendment. (ECF No. 1, at 6.) On these claims, Petitioner does not allege that he is "actually innocent" as a result of a retroactive change in substantive law that negates the criminality of his conduct. (*Id.*)

These claims do not meet the first two *Dorsainvil* prongs because they argue that Petitioner is actually innocent *of a sentencing enhancement* as opposed to being actually innocent of the

4

crimes for which he was convicted. *See, e.g.*, *United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Maher v. Fed. Bureau of Prisons*, No. 18-2348, 2018 WL 2095594, at *2 (D.N.J. May 7, 2018) (citing cases).

As to Ground Three, Petitioner contends that he is actually innocent of attempted kidnapping under 18 U.S.C. § 1201(d) because the statute is unconstitutionally void for vagueness. (ECF No. 1-3, at 48–60.) The Court will assume *arguendo* that this claim satisfies the first *Dorsainvil* prong, for alleging actual innocence. It does not, however, meet the second prong, as Petitioner does not allege that a retroactive change in substantive law negated the criminality of his conduct. Petitioner does not allege, for example, that after his conviction and sentence in 2016, a court *specifically* held that 18 U.S.C. § 1201(d) was unconstitutionally void for vagueness. (ECF No. 1-3, at 48–60.) Instead, he argues that this Court should now declare § 1201(d) unconstitutionally void for vagueness. (*Id.*)

Petitioner, however, could and should have raised his void for vagueness claim on direct appeal or by motion under 28 U.S.C. § 2255. Similarly, Petitioner could have also raised his sentencing enhancement claims on direct appeal or by motion under § 2255. As a result, all of Petitioner's claims fail to meet the third *Dorsainvil* prong as Petitioner had an earlier opportunity to seek judicial review of Grounds One, Two, and Three. *See Bruce*, 868 F.3d at 180; *Dorsainvil*, 119 F.3d at 251–52.

In his Petition, Petitioner argues that § 2255 is inadequate or ineffective to address his claims because this Court has never addressed Petitioner's post-conviction relief claims "on the

5

merits." (ECF No. 1-3, at 15.) Petitioner, of course, is referring to this Court's dismissal of his § 2255 motion as time barred. *Thieme*, 2021 WL 1660859, at *4. Petitioner contends that he would have brought his claims earlier, but defense counsel ignored and abandoned him. (ECF No. 1-3, at 15.) Petitioner also complains that it is "near impossible" to "find counsel willing to take on [a] federal post-conviction relief" case without funds. (*Id.*)

None of these issues, however, truly prevented Petitioner from filing a timely *pro se* § 2255 motion. *Thieme*, 2021 WL 1660859, at *4 ("Finally, this Court has considered all of the arguments presented by Petitioner and finds that he has failed to show any basis for equitable tolling as he has neither shown that he was diligent nor that he was prevented from earlier raising his claims due to an extraordinary circumstance."). Petitioner could have then requested that the Court appoint counsel on his behalf.

Effectively, Petitioner concedes that he had an earlier opportunity to raise his claims, *i.e.*, through a motion under § 2255. Once again, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538. Consequently, § 2255 is not inadequate or ineffective merely because Petitioner's lack of diligence rendered him personally unable to use § 2255.

For all of the reasons discussed above, the Court finds that the allegations in the Petition, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication," or that he "had no earlier opportunity to challenge his conviction" and sentence. *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009); *Dorsainvil*, 119 F.3d at 251.

6

Accordingly, as none of Petitioner's claims satisfy all of the requirements of the *Dorsainvil* exception, this Court lacks jurisdiction under § 2241 to entertain these claims.

Ordinarily, that would be the end of this matter, but Petitioner contends that this Court also has jurisdiction to hear his claims as a petition for writ of *audita querela* or for writ *de homine replegiando*. (ECF No. 1-3, at 61.)  First, the writ of *audita querela*, "survives only to the extent that it fills in gaps in the current system of post-conviction relief." *United States v. Gonzalez–Rivera,* 535 F. App'x 95, 96 (3d Cir. 2013) (per curiam) (citing *United States v. Valdez–Pacheco,* 237 F.3d 1077, 1079 (9th Cir. 2001)); *see also Garcia v. U.S. Parole Comm'n*, No. 12-0356, 2014 WL 1225435, at *3 (D.N.J. Mar. 24, 2014).

As Petitioner's claims are cognizable under § 2255, he cannot invoke the writ of *audita querela*. *Gonzalez–Rivera*, 535 F. App'x at 96 (citing *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)); *see also Massey*, 581 F.3d at 174.  To the extent Petitioner argues that *audita querela* is necessary because he personally cannot use § 2255, the Court rejects that argument. Petitioner "may not seek relief through a petition for a writ of *audita querela* on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996." *Massey*, 581 F.3d at 174.

With regard to the writ *de homine replegiando*, an ancient writ defined as:

> The writ . . . to replevy a man out of prison, or out of the custody of any private person, (in the same manner that chattels taken in distress may be replevied . . .) upon giving security to the sheriff that the man shall be forthcoming to answer any charge against him. And, if the person be conveyed out of the sheriff's jurisdiction, the sheriff may return that he is eloigned . . . upon which a process issues . . . to imprison the defendant himself, without bail . . . till he produces the party. But this writ is guarded with so many exceptions, that it is not an effectual remedy in numerous instances, especially where the crown is concerned.

*Pisciotta v. Ortiz*, No. 21-15852, 2021 WL 4975063, at *3 (D.N.J. Oct. 26, 2021) (quoting *Writ de homine replegiando*, Black's Law Dictionary (11th ed. 2019)), *aff'd sub nom. Pisciotta v. Warden Fort Dix FCI*, No. 21-3114, 2022 WL 604050 (3d Cir. Mar. 1, 2022). "The writ *de homine replegiando* 'is an ineffective writ that has been generally superseded by the writ of habeas corpus.'" *Id*. (quoting *Garey v. Holder*, No. 15-56, 2015 WL 13734630, at *4 (D.S.C. Feb. 13, 2015)).

In any event, as the Third Circuit has held, "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the postconviction remedies that must be filled by the common law writs" such as *audita querela* and *de homine replegiando*. *United States v. Paster*, 190 F. App'x 138, 139 (3d Cir. 2006) (quoting *Valdez-Pacheco*, 237 F.3d at 1080); *see also Massey*, 581 F.3d at 174.  For all those reasons, this Court does not have jurisdiction under § 2241, *audita querela*, or *de homine replegiando*, to hear Petitioner's claims.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Third Circuit to file a second or successive § 2255 motion.  28 U.S.C. § 2244(b)(3).  This Court finds that it is not in the interest of justice to transfer this Petition to the Third Circuit, as it does not appear[2] that Petitioner can satisfy the requirements of § 2244(b)(2).  However, this Court's decision does not prevent Petitioner from seeking permission from the Third Circuit on his own.

---

[2] Additionally, it appears that Petitioner has already applied for permission to file a second or successive § 2255 motion as to Ground Three, and the Third Circuit denied that application. (*In re: Thieme*, No. 21-2268, ECF No. 3, (3d. Cir. 2021).)

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction.  An appropriate Order follows.

DATED:  July 28, 2022

                                                                /s/ Christine P. O'Hearn
                                                                **Christine P. O'Hearn**
                                                                **United States District Judge**